# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      **MEMORANDUM OF LAW & ORDER**
      Criminal Case No. 23-00336 (MJD)

KEITH ALLEN SJOLIE,

      Defendant.

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.
Keith Allen Sjolie, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Keith Allen Sjolie's Pro Se

Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 64) and the

Government's Motion to Dismiss (Doc. 66).[1]

## II.    BACKGROUND

Sjolie has twice been sentenced by this Court for methamphetamine

distribution.  In 2005, he was sentenced to 262 months in prison and 5 years

---

[1] Sjolie's pro se motion is captioned 04-cr-367 (PJS), but was filed in Case No. 23-cr-366 (MJD).  The Court's text order for the Government to respond is docketed in Case No. 23-cr-366.  The Government therefore filed its response—the motion to vacate—in Case No. 23-cr-366.  All citations to the record in this Order are to documents docketed in Case No. 23-cr-366 unless otherwise noted.

supervised release in Case No. 04-cr-367.  (Doc. 36 (PSR) ¶ 43.)  The Eighth Circuit

affirmed Sjolie's sentence.  United States v. Sjolie, 225 F. App'x 421, 423 (2007).  In

2015, the custodial portion of his sentence was reduced to 210 months.  (PSR ¶ 43.)

His term of supervised release began in 2019.

In 2022, law enforcement received a complaint about short-term traffic at

Sjolie's home.  (Id. ¶ 7.)  After an investigation that included undercover buys of

methamphetamine from Sjolie and a search of Sjolie's home, the Government

charged Sjolie with possession with intent to distribute methamphetamine and

Probation filed a petition for violation of supervised release based on these new

crimes.  (Docs. 2, 2-1 in Case No. 23-cr-336; Doc. 357 in Case No. 04-cr-367.)  In

February 2024, he pled guilty to the new charge.

In June 2024, the Court held a combined sentencing and final revocation

hearing and sentenced Sjolie to 60-months in custody for his new offense and a

concurrent 27-month sentence on his revocation.  (Doc. 44 in Case No. 23-cr-336;

Doc. 373 in Case No. 04-cr-367.)  The sentencing judgments for both matters

issued on June 12, 2024.  On June 14, 2024, the Court amended the judgment for

Sjolie's new criminal conviction to include a $100 special assessment that was

announced in court as part of Sjolie's sentence and that was included in the June

12, 2024 long-form statement of reasons, but that was inadvertently omitted from the original judgment.  (Docs. 44, 46, 47.)  Sjolie did not appeal.

## III.    DISCUSSION

### A.    Sjolie's Motion is Untimely

A one-year period of limitation shall apply to petitions under 28 U.S.C. § 2255.  28 U.S.C. § 2255(f).  The limitation period shall run from the latest of 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  Id.

A motion filed outside of this one-year time limit should be dismissed as untimely.  See Moore v. United States, 173 F.3d 1131, 1133-35 (8th Cir. 1999).  Although "not a jurisdictional bar," id. at 1134, the Court is precluded from

considering untimely claims when the Government raises a statute-of-limitations

defense.  United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999).

Here, the sentencing judgment was entered on June 12, 2024.  (Doc. 44.)

Sjolie had 14 days after entry of judgment, or until June 26, 2024, to file a notice of

appeal.  See Fed. R. App. P. 4(b)(1)(A)(i).  Because Sjolie did not file an appeal, his

conviction became final on that date because the Court finds that the June 14

amended judgment merely corrected a clerical error.  See Clay v. United States, 537

U.S. 522, 525 (2003).  Although Sjolie does not appear to take a position on this

issue, the Court briefly explains its reasoning.

The test for whether an amended judgment tolls the time within which a

defendant must seek appellate review "is a practical one.  The question is whether

the lower court, in its second order, has disturbed or revised legal rights and

obligations which, by its prior judgment, had been plainly and properly settled

with finality.  The mere fact that a judgment previously entered has been reentered

or revised in an immaterial way does not toll the time within which review must be

sought."  United States v. Campbell, 971 F.3d 772, 773-74 (8th Cir. 2020) (quoting

FTC v. Minneapolis – Honeywell Regul. Co., 344 U.S. 206, 211, 212 (1952)) (cleaned

up).  Here, the Court's issuance of the June 14, 2024 amended judgment to merely

add the $100 special assessment that was not only announced in court, but also was

included in the June 12 statement of reasons, did not disturb or revise legal rights and obligations which the prior judgment had settled with finality.  Id.

Therefore, pursuant to § 2255(f)(1), Sjolie had one year, or until June 26, 2025, to file his § 2255 motion.  Sjolie filed his motion on September 16, 2025, almost three months after it was due.  (Doc. 64-1 (envelope showing postmark date of "Sep. 16, 2025").)  He does not argue that his case fits under any of the tolling provisions enumerated in § 2255(f)(2)-(4) and the Court finds that, indeed, his case does not. The Government has properly raised a statute of limitations defense.  Accordingly, Sjolie's motion will be dismissed as untimely.  Moreover, the motion would be dismissed even if the Court were to consider the date of the amended judgment as the judgment date in this case.

### B.    Sjolie's Motion is Without Merit

Even if it was timely, Sjolie's motion would still fail because it is meritless. Sjolie asks the Court to reduce his sentence to time served based on "New Amendment 212 and New Amendment 1" to the Sentencing Guidelines.   There are no new Amendments 1 or 212 to the Guidelines.  As the Government notes,

> Amendment 212 is a 1989 amendment regarding dollar values in
> money laundering crimes, and Amendment 1 is a 1988 amendment
> correcting a clerical error and clarifying the operation of the
> Guidelines.  Neither pertains to Sjolie's cases.

5

(Doc. 66 at 5 n.3 (citations omitted).)

In addition, such substantive relief must be pursued under 18 U.S.C. § 3582(c)(2), which allows a court to modify the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  However, "[a] court's power under § 3582(c)(2) . . . depends . . . on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."  Dillon v. United States, 560 U.S. 817, 826 (2010); United States v. Winston, 611 F.3d 919, 921 (8th Cir. 2010).  None of the 2025 Guideline Amendments have retroactive effect.  See U.S.S.G. § 1B1.10(a)(1).  Accordingly, the Court has no authority to reduce Sjolie's sentence under § 3582(c)(2).  Therefore, his claim fails on the merits and will also be dismissed on this basis.

**C.    No Certificate of Appealability Shall Issue**

Because the basis upon which the Court dismisses is not fairly debatable, a certificate of appealability ("COA") will not issue in this matter.  See 28 U.S.C. § 2253(c)(2) (defendant is entitled to a COA "only if [he] has made a substantial showing of the denial of a constitutional right"); Slack v. McDaniel, 529 U.S. 473, 478 (2000) (a COA must issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right").

## IV.   ORDER

Based upon the files, records, and proceedings herein**, IT IS HEREBY**

**ORDERED**:

1.   Defendant Keith Allen Sjolie's Pro Se Motion to Vacate Sentence

Under 28 U.S.C. § 2255 **[Doc. 64]** is **DENIED**;

2.   The Government's Motion to Dismiss Motion to Vacate **[Doc. 66]**

is **GRANTED**; and

3.   No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 25, 2025                s/Michael J. Davis
                                          Michael J. Davis
                                          United States District Court